**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| JASON EVAN BROWN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| LT. MORRIS, ET AL., | ) |
| | ) |
| Defendants. | ) |
| | ) |

3:05-CV-00618-HDM (VPC)

**REPORT AND RECOMMENDATION**
**OF U.S. MAGISTRATE JUDGE**

July 2, 2007

This Report and Recommendation is made to the Honorable Howard D. McKibben, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4. Before the court is defendants' motion for summary judgment (#36). Plaintiff opposed (#40) and filed a cross-motion for summary judgment (#41). Defendants replied to plaintiff's opposition (#45) and opposed plaintiff's cross-motion (#47). Plaintiff did not reply. The court has throughly reviewed the record and the pleadings and recommends that defendants' motion for summary judgment (#36) be granted, and plaintiff's cross-motion for summary judgment (#41) be denied.

**I.  HISTORY & PROCEDURAL BACKGROUND**

Jason Evan Brown ("plaintiff"), a *pro se* prisoner incarcerated at Ely State Prison ("ESP") in the custody of the Nevada Department of Corrections ("NDOC"), filed his complaint on November 4, 2005 (#5). Plaintiff brings his complaint pursuant to 42 U.S.C. § 1983, alleging violations of his Eighth Amendment right against cruel and unusual punishment and his Fourteenth Amendment right to due process. *Id.* Plaintiff names as defendants Sanders, Clark County Detention Center ("CCDC") Correctional Officer; Mouton, CCDC Correctional Officer; Reid, CCDC Correctional Officer; Morris,

CCDC Lieutenant; (hereinafter "defendants" unless designated individually) and Burns, CCDC Sergeant.[1]

In count I, plaintiff alleges that defendants Reid, Mouton and Sanders violated his Eighth Amendment right by employing excessive force against plaintiff. *Id.* at 4.  In count II, plaintiff alleges that defendant Reid violated his Eighth and Fourteenth Amendment rights by handling plaintiff's food without gloves after defendant Reid had conducted strip searches on other inmates without wearing gloves. *Id.* at 5.  In count III, plaintiff alleges that defendant Reid violated his Eighth and Fourteenth Amendment rights in various ways, including not allowing plaintiff to change dirty mop water before plaintiff cleaned his cell, denying plaintiff cleaning supplies, toilet paper and soap, and generally ignoring the prison regulations regarding cleanliness. *Id.* at 6.  Plaintiff further alleges in count III that defendant Morris failed to prevent the violation of plaintiff's rights by defendants Reid, Mouton and Sanders. *Id.*

The following facts are uncontested unless noted otherwise.  On December 22, 2003, plaintiff submitted a grievance complaining that defendant Reid was not wearing gloves while strip-searching inmates and was subsequently not wearing gloves when handling plaintiff's food. *Id.* at 5.  Plaintiff testified that he "refused" the meals served to him by defendant Reid and that he never became ill as a result of defendant Reid's conduct (#36-2 at 22).

On December 30, 2003, plaintiff submitted a grievance complaining that defendant Reid was retaliating against him and had not allowed plaintiff to change dirty mop water before plaintiff mopped his cell (#5 at 6).  Plaintiff testified that he declined to use the mop-water and that he did not suffer any injuries as a result of not being allowed to change the mop-water (#36-2 at 14).

---

[1] Plaintiff never executed service of process on Sergeant Burns (#14 and #31).  On June 28, 2007, this court issued a notice regarding its intention to dismiss Sergeant Burns pursuant to Federal Rule of Civil Procedure 4(m) unless proof of service is filed with the Clerk of Court prior to July 20, 2007 (#49).

On December 30, 2003, defendant Reid was distributing meals in cell block 5C. *Id.* at 34. When defendant Reid arrived at plaintiff's cell, plaintiff was wearing a bed sheet as a cape. *Id.* at 34. The parties dispute the subsequent events. Defendant Reid stated in his affidavit that the sheet was fastened with a staple, and that he ordered plaintiff to remove the sheet and pass the staple through the food slot. *Id.* When plaintiff did not comply with the order, defendant Reid entered plaintiff's cell to obtain the staple. *Id.* Plaintiff testified in his deposition that the sheet was fastened with a knot, rather than with a "large staple," and that he started to remove the sheet before defendant Reid entered his cell. *Id.* at 16-17. Defendant Reid stated in his affidavit that plaintiff refused to remove the sheet even after he had entered plaintiff's cell. *Id.* at 34. Defendant Reid stated that when he entered the cell, plaintiff threw the staple "at or in" the toilet. *Id.* at 34. Once inside the cell, defendant Reid stated that he had the door propped open with his foot, but his foot slipped and the door shut behind him. *Id.* Plaintiff contends defendant Reid purposely shut the door. *Id.* at 17.

Once plaintiff removed the sheet, he was located on his bunk. *Id.* at 19. Plaintiff testified that he was sitting with his hands on top of his head. *Id.* Plaintiff also testified that defendant Reid had a can of Mace and was shaking it while in plaintiff's cell. *Id.* at 18. Defendant Reid radioed a request to have plaintiff's cell door reopened. *Id.* at 34. After the cell door was reopened, defendant Mouton arrived to assist defendant Reid. *Id.* at 34, 44. Defendants Reid and Mouton ordered plaintiff to place his hands behind his back. *Id.* Plaintiff testified that he kept his hands on top of his head and yelled that he was "in compliance" with the defendants' orders. *Id.* at 18. Plaintiff further testified that, when defendant Mouton entered the cell, defendant Reid "dove" on him and, eventually, he was on his side on the bed in the fetal position because defendant Reid was striking him with his fists and pulling his hair. *Id.* However, defendant Reid stated in his affidavit that when he approached plaintiff to handcuff him, plaintiff placed his "closed fists" on his chest. *Id.* at 35, 44. Defendant Reid employed a "hair

1  pull" technique to gain control over plaintiff and handcuff him. *Id.*

2  Once plaintiff had been handcuffed, defendant Sanders arrived at the cell and assisted

3  defendants Reid and Mouton in transporting plaintiff. *Id.* at 41. Plaintiff was then transported to cell

4  block 2C. *Id.* at 35, 44. Plaintiff testified that as a result of the incident he had contusions on his back,

5  ribs, and shoulder, although plaintiff apparently did not complain about any injuries while in 2C. *Id.*

6  at 20, 35. Plaintiff further alleges that the defendants caused the neck problems he now experiences

7  (#5 at 4). The medical report plaintiff submitted in support of these injuries was completed on July 27,

8  2004, seven months after the December 30, 2003 incident (#40 at 26). The examining physician

9  diagnosed plaintiff with degenerative disk disease. *Id.*

10

11  The court notes that the plaintiff is proceeding *pro se*. "In civil cases where the plaintiff appears

12  *pro se*, the court must construe the pleadings liberally and must afford plaintiff the benefit of any

13  doubt." *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988); *see also Haines*

14  *v. Kerner*, 404 U.S. 519, 520-21 (1972).

15

16  ## II.  DISCUSSION & ANALYSIS

17  ### A. Discussion

18  #### 1. Summary Judgment Standard

19

20  Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to

21  interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine

22  issue as to any material fact and that the moving party is entitled to judgement as a matter of law." Fed.

23  R. Civ. P. 56(c). The burden of demonstrating the absence of an issue of material fact lies with the

24  moving party. *Zoslaw v. MCA Distr. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982). Yet, "because

25  credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from

26  the facts are jury functions, not those of a judge, when reviewing a grant of summary judgment, the

27

28

-4-

evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Blackenhorn v. City of Orange*, 485 F.3d 463, 470 (9th Cir. 2007) (internal quotations omitted).  If any rational trier of fact could find in favor of the non-moving party, summary judgment must be denied. *T.W. Elec. Servs., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).  However, "[a] mere scintilla of evidence will not do, for a jury is permitted to draw only those inferences of which the evidence is reasonably susceptible; it may not resort to speculation." *British Airways Bd. v. Boeing Co.*, 585 F.2d 946, 952 (9th Cir. 1978).  Additionally, if the factual context makes the non-moving parties claims implausible, the non-moving party must provide more persuasive evidence than otherwise would be necessary to show there is a genuine issue for trial.  *Matsushita*, 475 U.S. at 587.  In inmate cases, the courts must

> [d]istinguish between evidence of disputed facts and disputed matters of professional judgment.  In respect to the latter, our inferences must accord deference to the views of prison authorities.  Unless a prisoner can point to sufficient evidence regarding such issues of judgment to allow him to prevail on the merits, he cannot prevail at the summary judgment stage.

*Beard v. Banks*, __ U.S. __, 126 S.Ct. 2572, 2576 (2006).

**B. Analysis**

**1. Count I**

Plaintiff alleges that defendants Reid, Mouton and Sanders[2] violated his Eighth Amendment right to be free from cruel and unusual punishment during the altercation which took place on December 30, 2003 (#5 at 4).  Defendants argue that the use of force was necessary and proportionate

---

[2] Defendant Sanders states in his affidavit that he did not arrive at plaintiff's cell until after plaintiff was handcuffed and the altercation had ended (#36-2 at 41).  Although plaintiff does not admit that defendant Sanders arrived after the altercation, plaintiff provides no evidence to refute defendant Sander's affidavit.  Therefore, in addition to the reasoning set out below, this is an additional ground to grant summary judgment as to defendant Sanders.

to the situation and that plaintiff suffered *de minimus* injuries (#36-1 at 13-14).

### (a) Law

Where an inmate is claiming a violation of his Eighth Amendment right to be free from cruel and unusual punishment based on use of excessive force, the proper inquiry is whether the force resulted in the unnecessary and wanton infliction of pain or suffering. *Hudson v. McMillian*, 503 U.S. 1, 5 (1992).  To determine whether the force used was wanton and unnecessary "the core judicial inquiry is ... whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Id.* at 7.  When reviewing use of force, the court considers (1) the extent of the injury suffered by the inmate, (2) the need for application of force, (3) the relationship between that need and the amount of force used, (4) the threat reasonably perceived by the responsible officials, and (5) any efforts made to temper the severity of a forceful response. *Id.* (citing *Whitley v. Albers*, 475 U.S. 312, 321 (1986)).  The court must give deference to the prison officials when reviewing use of force and cannot substitute its own judgment for the judgment of prison officials.  *Whitley*, 475 U.S. at 322.  Unless the evidence supports a reliable inference of wantonness, the case should not go to the jury.  *Id.*

### (b) Analysis

In the instant case, plaintiff has not provided evidence sufficient to demonstrate the first factor, that he suffered an injury.  Although plaintiff testified he had contusions on his back, shoulder and lower ribs, (#36-2 at 21), he apparently did not complain about any injuries during transport from his cell to cell block 2C, or when he saw a nurse (#47-2 at 35).  Plaintiff alleges that the neck problems he now experiences are caused by the incident with defendant Reid (#5 at 4); however, plaintiff's unauthenticated medical report does not support this contention (#40 at 26).  Plaintiff presents no evidence that the injury complained of resulted from use of defendant's "hair pull" technique.

Conclusory allegations alone will not prevent summary judgment. *See Berg v. Kincheloe*, 794 F.2d 457, 460 (9th Cir. 1986). In light of the evidence presented to the court, plaintiff's neck injury appears unrelated to the December 30, 2003 incident. His other alleged injuries, of which plaintiff presents no evidence, are *de minimus*, even if true.

Additionally, the court finds that defendant Reid could have reasonably concluded that force was necessary under the conditions and the threat that plaintiff presented. Plaintiff is a maximum security inmate (#36-2 at 15). On December 30, 2003, plaintiff admittedly refused to comply with direct orders from correctional staff. *Id*. at 16. Plaintiff testified that he did not immediately take off the sheet, that he placed his hands on his head rather than placing them behind his back, and subsequently resisted being handcuffed. *Id*.; *see also* #47-2 at 19, 34, 44. In light of *Whitley*'s admonition that the court cannot substitute its own judgment for that of prison officials, the court concludes that there was a genuine need for use of force because plaintiff is a maximum security inmate and was admittedly resistant to orders from correctional staff.

Further, plaintiff's own testimony indicates that defendant Reid tempered his use of force. Plaintiff testified that defendant Reid was shaking his can of mace when he entered plaintiff's cell (#36-2 at 15); however, plaintiff admits that defendant Reid never employed the mace against plaintiff. Plaintiff likely would have suffered far more physical discomfort if defendant Reid sprayed him with mace than he did during defendant Reid's attempts to control plaintiff with the "hair pull" technique.

Taking all the evidence in the light most favorable to plaintiff, the court finds that there is no genuine issue of material fact as to whether plaintiff sustained any injury; therefore, the force used by defendants Reid and Mouton could not have resulted in the "unnecessary or wanton infliction of pain or suffering." Because the factors weigh in favor of defendants, defendants' motion for summary judgment on the excessive force claim is granted.

## 2. Counts II and III

### (a) Law

An inmate may challenge the conditions of his confinement as a violation of his Eighth Amendment right to be free from cruel and unusual punishment. To succeed on such a claim he must meet both an objective and subjective standard. *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000). To meet the objective standard, an inmate must prove that the deprivation he suffered was "objectively, sufficiently serious." *Morgan v. Morgenson*, 465 F.3d 1041, 1045 (9th Cir. 2006) (citations omitted). Prison officials must provide inmates with adequate shelter, food, clothing, sanitation, medical care, and personal safety. *Johnson*, 217 F.3d at 731. The court must evaluate the circumstances, nature and duration of the injury or the unnecessary and wanton infliction of pain. *Id.*; *see also Clement v. Gomez*, 298 F.3d 898, 903 (9th Cir. 2002).

The subjective standard requires a showing that prison officials were "deliberately indifferent" to the inmate's safety. *Johnson*, 217 F.3d at 731. Deliberate indifference requires that prison officials were aware of facts that presented a substantial risk of harm to the inmate, and recognized that the situation posed a substantial risk of harm. *Estate of Ford v. Ramirez-Palmer*, 301 F.3d 1043, 1049-50 (9th Cir. 2002). A finding that the defendant's activity resulted in "substantial harm" is not necessary; the Eighth Amendment protects deprivations which result "in pain and suffering for no legitimate penological purpose." *Wood v. Housewright*, 900 F.2d 1332, 1340 (9th Cir. 1990).

### (b) Analysis

### (i) Count II

Plaintiff alleges that defendant Reid violated his Eighth Amendment rights by serving him food without wearing gloves after conducting gloveless strip searches of other inmates (#36-2 at 22). Defendant Reid denies this and also contends that plaintiff has not demonstrated any risk to health and

safety (#47-1 at 19).

Plaintiff testified that defendant Reid would not actually touch the oral or genital areas of other inmates (#36-2 at 22). Plaintiff "refused" the meals served to him by defendant Reid and testified that he never became ill as a result of defendant Reid's alleged conduct. *Id.* Plaintiff admitted that he suffered no injury as a result of defendant Reid's alleged conduct. While it is true that an inmate need not demonstrate "substantial" harm, he must demonstrate *some* harm to make out an Eighth Amendment violation. The evidence, when taken in the light most favorable to plaintiff, does not support plaintiff's allegation of a "serious" deprivation, and thus, does not establish an Eighth Amendment violation.[3] Defendants' summary judgment motion is granted as to count II.

### (ii) Count III

Plaintiff alleges that defendant Reid violated his Eighth Amendment right by forcing plaintiff to use dirty mop-water to clean his cell (#5 at 6). Defendants contend plaintiff admitted this happened only once and that he sustained no injury (#36-1 at 5).

Plaintiff testified in his deposition that defendant Reid refused to allow plaintiff to change the mop-water before cleaning his cell (#36-2 at 13). However, plaintiff also testified that he declined to use the mop-water and, therefore, suffered no injuries. *Id.* at 14. Again, because plaintiff admittedly suffered no injury as a result of being denied clean mop-water by defendant Reid, plaintiff cannot establish an Eighth Amendment violation because there is no harm or injury. The defendants' motion for summary judgment is granted as to count III.

### 3. Defendant Morris

Plaintiff also alleges in count III that defendant Morris violated his Eighth Amendment right by failing to prevent defendants Reid, Mouton and Sanders' alleged constitutional violations (#5 at 6). A

---

[3] Because plaintiff has not established an injury, the court need not address the remaining elements of an Eighth Amendment claim.

person deprives another of a constitutional right for the purposes of section 1983 if that person "does an affirmative act, participates in another's affirmative acts, or omits to perform an act which that person is legally required to do that causes the deprivation of which complaint is made." *Hydrick v. Hunter*, 466 F.3d 676, 689 (9th Cir. 2006) *quoting Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Supervisory officials are not liable for the actions of subordinates under a vicarious liability theory pursuant to 42 U.S.C. § 1983 unless "the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *see also Jeffers v. Gomez*, 267 F.3d 895, 915 (9th Cir. 2001).

In this case, there is no evidence that defendant Morris actively participated in or knew of and failed to prevent any alleged constitutional violations.  The court grants the defendants' summary judgment motion as to defendant Morris.[4]

### III. CONCLUSION

Based on the foregoing, the court concludes as follows:

• Plaintiff suffered no injury resulting from defendant Reid's improper handling of plaintiff's food; therefore, plaintiff's Eighth Amendment claim cannot survive summary judgment;

• Plaintiff suffered no injury resulting from defendant Reid's alleged refusal to allow plaintiff to replace dirty mop water before plaintiff mopped his cell; therefore, plaintiff's Eighth Amendment claim cannot survive summary judgment;

• The unrefuted evidence indicates that plaintiff refused direct orders by defendants.  Plaintiff also failed to demonstrate any injury that is not *de minimus*.  Therefore, plaintiff's Eighth Amendment claim for use of excessive force cannot survive summary judgment; and

• The unrefuted evidence reveals defendant Morris did not participate in any Eighth Amendment

[4] The court need not address defendants' qualified immunity argument as no constitutional violations occurred.

violation.

The parties are advised:

1.     Pursuant to 28 U.S.C.  § 636(b)(1)(C) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this report and recommendation within ten days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2.     This report and recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

### V.  RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that the defendants' motion for summary judgment (#36) be **GRANTED**.

**IT IS FURTHER RECOMMENDED** that the plaintiff's cross-motion for summary judgment (#41) be **DENIED**.

**DATED**: July 2, 2007.

_____

**UNITED STATES MAGISTRATE JUDGE**